89   631
126  428
128  160

THE STATE *ex rel.* GRISWOLD V. O'BRIEN, *President of the Board of Equalization of the City of St. Louis.*

1. **Taxation, Rate of and Valuation for : CONSTITUTION.** The rate of taxation and the valuation for taxation are two distinct things. Article 5, section 22, of the charter of the city of St. Louis (2 R. S., p. 1602), authorizing the assessment and taxation of lands within the limits of the city, not laid off into blocks or lots, only by the acre as agricultural lands, is in conflict with article 10, section 4, of the constitution providing that "all property subject to taxation, shall be taxed in proportion to its value."

2. ——— : ———. Article 9, section 23, of the constitution, only authorizes a discrimination as to the rate of taxation for city purposes in favor of territory added by the enlargement of the city boundaries.

*Certiorari.*

WRIT DISMISSED.

*H. D. Wood* for relator.

(1) In this proceeding this court will pass upon the question whether the property is liable, either at all, or in the manner assessed. *State ex rel. Lathrop v. Dowling,* 50 Mo. 137. (2) The intent of section 22, of article 5, of the charter of St. Louis (2 R. S., 1602), is, that lands not laid off into lots and blocks shall be assessed at their value for agricultural purposes. (3) Section 22, aforesaid, is not in conflict with section 4, of article 10, of the constitution, which provides that "all property subject to taxation shall be taxed in proportion to its value." Cooley on Taxation [2 Ed.] 24. (4) Section 23, of article 9, of the constitution, expressly authorizes the framers of the scheme and charter to graduate the rate of taxation upon property in the new limits for city purposes. (5) The taxing of this land by the city, as if it were laid out in blocks and lots, without conferring the reciprocal advantages of municipal protection and improvements, such as streets, sewers, etc., is the taking of property for public use without just compensation. *Wells v. City of Weston,* 22 Mo. 385 ; *Morford v. Unger,* 8 Iowa, 91 ; Cooley on Taxation, 142, and cases cited.

*Leverett Bell* for respondent.

The state constitution provides in section 4, of article 10, that "all property subject to taxation shall be taxed in proportion to its value," and this rule necessarily excludes the construction that the relator desires to place on section 22, of article 5, of the city charter ; and it follows, therefore, that the writ of *certiorari* in this case should be dismissed.

HENRY, C. J.—This is a proceeding by *certiorari* to bring before this court for review the action of the Board of Equalization in the assessment of relator's land for taxation for city purposes.

The relator owns about seventy-seven acres of land within the new limits of the city of St. Louis, which has never been laid off into blocks and lots, and, at the time of the assessment, was rented as agricultural land for farming purposes at eight hundred dollars per annum, which, relator alleges, is as much as the land is worth per annum for agricultural purposes. Prior to March 31, 1886, said tract was assessed at $144,130.00, which, on appeal to the Board, was reduced to $130,-455.00, an increase of $55,555.00 over any previous assessment. Relator charges that the board, on his appeal, did not, in passing upon the question, act upon the evidence adduced; but without, and contrary to evidence, refused to assess it as agricultural land, and arbitrarily fixed such a valuation upon the lands as in their opinion it would be worth if laid out into blocks and lots. The return to the writ simply shows the reduction of the valuation, as alleged in the petition, but neither the testimony upon which the board acted, nor any part thereof, accompanies the return.

Counsel are agreed, however, that the only question for our consideration is, what meaning is to be attached to, and what effect to be given section 22, article 5, of the charter of the city of St. Louis, 2 Revised Statutes, 1602, which is as follows: "Lands in the limits of the city, which have not been laid off into blocks or lots, shall not be assessed or taxed otherwise than by the acre as agricultural lands, and shall continue to be so assessed and taxed until laid off into blocks or lots by the owners thereof respectively." The relator's contention is, that under that section his land could only be taxed at its value as agricultural land. The section cer-

tainly bears no other construction, but the question arises, is it in harmony with the constitution of the state, which declares (sec. 4, art. 10), that, "All property subject to taxation shall be taxed in proportion to its value?" If for farming purposes only, the land is worth but fifty dollars per acre, and yet at public or private sale would sell for one hundred dollars per acre, is an assessment of the land at fifty dollars per acre a compliance with the constitutional require-ment, that it "shall be taxed in proportion to its value?" Section 23, article 9, of the constitution, is no warrant for the mode of taxation contended for by respondent, and which seems to be sanctioned by section 22, p. 1602, of the Revised Statutes, *supra.* Section 23, article 9, provides that, "Such charter and amendments shall always be in harmony with, and subject to, the constitution and laws of Missouri, except only, that provision may be made for the graduation of the rate of taxation for city purposes, in the portions of the city which are added thereto by the proposed enlargement of its boundaries." The *rate* of taxation and the *valuation* for taxation are two distinct things.

The constitution expressly authorizes a discrimination as to the rate of taxation for city purposes in favor of territory added by the enlargement of the city boundaries. For instance, the rate may be forty cents on the hundred, within the old city limits and twenty cents on the hundred upon real estate added by the en-largement of the city boundaries.

We are all of the opinion that the relator is not entitled to any relief in this proceeding, and the writ is dismissed.